Jose Luis Bautista **VILCHIZ;** et al., Petitioners,

v.

Eric H. **HOLDER,** Jr., Attorney General, Respondent.

No. 07–73772.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed March 27, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jose Luis Bautista Vilchiz, Whittier, CA, pro se.

Elena Garcia Gregorio, Whittier, CA, pro se.

Luis Antonio Bautista Garcia, Whittier, CA, pro se.

Jeffrey Lawrence Menkin, Trial, Oil, Paul F. Stone, Esquire, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, for Respondent.

Before: LEAVY, HAWKINS and TASHIMA, Circuit Judges.

MEMORANDUM **

Jose Luis Bautista Vilchiz, Elena Garcia Gregorio and Luis Antonio Bautista Garcia, natives and citizens of Mexico, petition pro se for review of a Board of Immigration Appeals decision denying, as untimely

and without merit, their motion to reopen proceedings to apply for protection under the Convention Against Torture (CAT), following the denial of their application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, *He v. Gonzales,* 501 F.3d 1128, 1130–31 (9th Cir.2007), and we deny the petition for review.

Petitioners contend their motion to reopen was timely because there is no time limit for motions to reopen that seek relief under the CAT, and because they only recently became aware of "widespread torture" in Mexico. Petitioners filed their motion to reopen outside the ninety-day time limit set forth in 8 C.F.R. § 1003.2(c)(2), which does apply to CAT claims. In addition, they failed to present material evidence of changed country conditions that was not available and could not have been presented at the previous proceeding. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *He,* 501 F.3d at 1131–32.

Petitioners also contend the BIA erred in concluding that even if the motion to reopen were timely, they did not establish a prima facie case of eligibility for relief under the CAT. The generalized evidence attached to the motion did not establish petitioners would more likely than not be tortured if removed to Mexico. *See Nuru v. Gonzales,* 404 F.3d 1207, 1216 (9th Cir.2005); *Ordonez v. INS,* 345 F.3d 777, 785 (9th Cir.2003) (requiring movant to establish prima facie case for eligibility for CAT relief).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.